## In re IMPERIAL CORPORATION.

(District Court, S. D. New York. October 15, 1904.)

1. BANKRUPTCY—CORPORATIONS—SETTING ASIDE DEFAULT.

    Where a corporation against which a petition in bankruptcy has been filed makes default, an application to be relieved therefrom and to be allowed to defend should be made to the District Court.

2. SAME—COLLATERAL PROCEEDING—PARTIES.

    Where it is necessary to reform a contract in order to sustain a petition in bankruptcy against a corporation, the corporation should be made a party to the proceeding, notwithstanding its default as to the petition, which did not ask such reformation, or the assent of its board of directors to the bankruptcy.

3. SAME—EVIDENCE TO SUSTAIN ADJUDICATION.

    An adjudication of bankruptcy against a corporation *held* warranted by the evidence.

In Bankruptcy.

Frank L. Crocker, for petitioning creditors.

Waldo G. Morse, for answering creditors.

THOMAS, District Judge. The special commissioner finds that the Imperial Corporation "did duly pass a resolution by its board of directors, admitting its inability to pay its debts, and its willingness to be adjudged a bankrupt on that ground, and authorizing its secretary to so advise any creditor in writing, and that the secretary did so advise the petitioning creditors." It may be that the corporation, at the instance of a new board of directors, should not have been allowed to defend, provided the above resolution was duly passed, but whether it was duly passed is the very fact which the new directory of the corporation desired to contest. But the corporation was in default, and the referee properly held that the application for relief therefrom should be made to the court. There is, however, a very substantial difference between taking the corporation's default, for the purpose of adjudicating it a bankrupt, and proceeding to reform a contract without giving the corporation an opportunity to appear and defend. Hence, if it were necessary to reform the contract in order to sustain the petition, it would be necessary to remit the matter to the referee, and allow the corporation to be made a party to the proceeding to reform the contract. The petition did not ask for a reformation of the contract, but for an adjudication in bankruptcy. The fact that the corporation, by its default and the previous action of its board of directors, assented to the bankruptcy, by no means established its willingness that so important a contract should be reformed. It should be observed that the creditors defending do not appear to be the creditors of the Imperial Corporation, but of Mr. Lieb, who made the contract with the committee of the old

corporation. Evidence to the effect that the Imperial Corporation assumed Mr. Lieb's obligation to pay the debts of the Magnetic Piano Company may exist, but it was not called to the attention of the court. Unless there be such assumption, the persons defending in this proceeding are without standing, but the conclusion reached renders this inquiry unimportant. The evidence shows that Lieb was a creditor of the Imperial Corporation for salary. It is understood that, aside from this, he had paid debts and made advancements amounting to $25,000 or over. This fulfills the seventh paragraph of the second contract. But in the fourth paragraph Lieb agrees "that he will purchase from the new company not less than five hundred (500) shares of its preferred stock within eighteen (18) months from the date hereof." The contention of the answering creditors is that it was Lieb's duty not only to purchase the stock, but also to pay in $25,000 in addition. He did take the stock, and he took it by virtue of the money that he paid pursuant to the seventh paragraph. It will be noticed that under the agreement Lieb took nothing except the stock that he was to receive upon payment therefor. If he agreed to pay $25,000 in addition under the seventh paragraph, it was without stipulation that he should receive anything in return therefor, and was a mere gratuity to the company. When he undertook to pay the indebtedness of the Magnetic Piano Company, and advanced money in addition for the development of the new company, such payment, in the absence of any provision for repaying or any stipulation therefor, must be regarded as a mere loan to the company, which he could justly credit upon his indebtedness for the stock which he agreed to take under the fourth paragraph. This is the meaning of the second paragraph, and the intention of the parties thereto. Upon this construction of the contract it is unnecessary to reform it, and the finding of the special commissioner, that the corporation should be adjudicated a bankrupt, is confirmed.